## Williams et al. v. Farmer's Adm'x.

(Decided March 4, 1938.)

ANDREW E. AUXIER and W. A. DAUGHTERY for appellants.

J. E. CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is a companion case with that of Robert Williams et al., etc., v. Miles Coleman's Administratrix, 273 Ky. 172, 115 S. W. (2d) 584, which was this day decided and in which we reversed the judgment therein recovered upon the ground that certain of the instructions given were erroneous.

For a full statement of the facts and issues presented in these two separate actions, which grew out of claims made for personal injuries sustained in one and the same collision had with the appellants' truck and which, upon trial, were heard together upon the same evidence, though disposed of by separate judgments, see Robert Williams et al., etc., v. Miles Coleman's Administratrix, 273 Ky. 122, — S. W. (2d) —.

The only essential difference in the question presented in this case from that presented in the Coleman Case grows out of the difference in the matter of liability for alleged negligent driving, due to the status of Coleman, as the owner and driver of the car at the time of the accident and responsible, as such, for any negligence in its operation at the time of the collision contributing to or proximately causing it, and that, here presented, as to the liability of Farmer therefor, as negligence imputable to him while riding with Coleman as his guest or invitee.

In this action Farmer's estate asserts its right to recover for the alleged negligence of defendants in the operation of their truck by their agent and driver, Owens, and Farmer's injuries sustained in the collision, caused thereby, upon the ground that, Farmer having been, upon the occasion of the collision in evidence, only the guest or invitee of Coleman in the car

driven by him upon this occasion, the contributory or other negligence, if any, of Coleman in the operation of his car cannot be imputed to Farmer or affect the right of his estate to recover for his injuries sustained and consequent upon the negligence of appellants' agent, regardless of whether Coleman contributed thereto or not.

From this it follows that, even if the instructions setting out the duties and care imposed upon Coleman in the operation of his car upon this occasion were erroneous, as prejudicial in the lessor measure or degree of care and duty imposed upon him in the operation of his car than imposed upon appellants' driver, and called for the reversal of the judgment obtained by Coleman's estate, such error should and could not affect the right of Farmer's estate to recover for injuries sustained by him, as the result of the negligence of appellants' agent in driving his truck, for the reason that, even though Coleman might have been so negligent as to have contributed to the happening of such collision of the car and truck and the consequent injury of Farmer, his negligence, if any, could not be attributed to Farmer, who, as far as the showing of the record goes, was, at the time of the accident, only the guest or invitee of Coleman in riding with him in his car, driven by him upon this occasion.

The one question we conceive here presented for our review is as to whether or not the evidence presented in this case for the plaintiff was sufficient to establish the fact that the appellants' agent and driver of their truck had been negligent in the operation of his truck, regardless of the extent of the negligence whether solely producing or only concurrently, with Coleman's alleged contributory negligence, producing the collision wherein Farmer sustained his injury resulting in his death.

There was no question but what this evidence depicting certain physical facts, clearly recorded, as to the circumstances of the happening of this death-dealing collision, tended to show, or was evidentiary of the charged fact, that appellants' driver had upon this occasion been negligent by driving on his left side of the road into collision with Coleman's car, and that such negligence on the part of defendants' driver had caused or contributed to bringing about the collision, and further that it was amply sufficient to justify the sub-

mission of the question of the defendants' liability therefor to the jury and to sustain the jury's returned verdict, finding damages for appellee upon the ground of the truck driver's negligence.

The jury was instructed to find for the plaintiff if it believed from the evidence that the defendants' truck driver had failed, upon the occasion of the collision, to exercise any of the statutory or common-law duties as were instructed were required of him when meeting and attempting to pass the deceased's car, approaching from the opposite direction (section 2739g-39, Kentucky Statutes), upon this public highway, and that such failure, if any, to perform any of said duties imposed was the proximate cause of the collision.

The jury under this instruction and the evidence so found for Farmer's estate.

The verdict of the jury clearly announced that such conclusion was reached by the jury finding that the defendants' driver had been negligent in failing to observe the duties imposed upon him by the instructions.

Further, appellants' contention that an instruction upon the theory of Farmer's having, at the time of the injury, been engaged upon a joint enterprise, should have been given by the court, is unsound, in that the pleading of the answer to this effect is without any supporting evidence, justifying the giving of such an instruction.

From this it follows that, the plaintiff's right to recover being unaffected by whether or not Farmer's companion, Coleman, properly exercised the duties imposed upon him when attempting to pass the defendants' truck, in that Coleman's negligence, if any, was not attributable or to be imputed to him as Coleman's guest at the time, it follows that the judgment rendered in favor of Farmer's estate should be and it is, affirmed.